United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-31170
Conference Calendar

DEWEY J STOUFFLET, JR

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS;
RICHARD L STALDER, SECRETARY, DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, In His Individual and Official Capacities

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-601

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dewey J. Stoufflet, Jr., Louisiana prisoner # 123510, moves this court for permission to appeal in forma pauperis (IFP) from the dismissal of a civil rights complaint challenging the constitutionality of restrictions on "good time" release imposed by LA. REV. STAT. § 15:571.5(A)(1).  The district court construed Stoufflet's pleading as sounding under 28 U.S.C. § 2254 and dismissed it without prejudice due to Stoufflet's failure to exhaust his state remedies.  The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court denied Stoufflet's motion to appeal IFP and certified that the appeal was not taken in good faith. By moving for IFP, Stoufflet is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Stoufflet does not directly dispute the district court's determination that his claim sounds in habeas corpus and that he has failed to exhaust his state habeas remedies. Instead, Stoufflet argues that his pleadings should not have been dismissed because Louisiana does not provide a statutory mechanism for him to raise his constitutional argument and because a writ of habeas corpus would be time-barred.

The district court did not err in construing Stoufflet's pleading as a § 2254 petition raising unexhausted claims. Jones v. Cunningham, 371 U.S. 236, 237-46 (1963); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Thus, Stoufflet has failed to show that his appeal is not frivolous. Accordingly, the motion to proceed IFP on appeal is denied, and the appeal is dismissed. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

IFP DENIED; APPEAL DISMISSED.